and Richard Bango, and I understand we have some arguments by Zoom. Good morning. Good morning, Mr. Cruz. Now, just to review here, presumably you've been watching some of the arguments this morning by Zoom? Yes, I have. Okay, so you see that the way we'll do this is you will get five minutes to argue. I understand that you would not like to reserve any time for rebuttal. That's your option. If you want to save some of your five minutes and use it after, like a minute after you hear from the other side, that's fine. Or if you'd like to use all of your five minutes up front, that's fine too. What would you prefer to do? Well, let me ask this. I notice that you give some of the individuals an opportunity to go beyond their five minutes, and then you gave them some time to rebuttal. If you would do the same for me, I would appreciate that. Well, I'll tell you what. Why don't we do this? Why don't you use your full five minutes up front, and then if you think of something that you would like to say in rebuttal, we'll add a minute for you at the end, okay? But you can use your full five minutes up front, and then if, and you decide for yourself, if you hear from the other side you want to add a minute, I can let you do that. Does that sound good to you? That sounds fair. Okay. So, Mr. Cruz, why don't you go ahead with your first five minutes? Okay. As all of you know, I'm not an attorney, so please keep that in mind. This matter pertains to a telephone conversation I had with a woman by the name of Ann Byer, who was a secretary to Chief Justice Janet DeFiori. The reason why I called the offices of Janet DeFiori was I sent a letter, return receipt requested, concerning a matter that I had about an attorney that robbed me of $100,000. His name is Angel Castro. And so I sent this letter, return receipt requested. I received the receipt, so I know that something was delivered and someone signed for it. But Ann Byer couldn't find the letter. I gave her three days to look for it, and after the three days, I called back, and she still couldn't find it, which was very frustrating, because I hope that you read the file. I submitted letters, copies of letters I wrote throughout the whole judicial system. Some of the people you might even know. And so anyway, the conversation got heated. She made an allegation that I was threatening a third party, somebody who was not on the phone call. I wasn't threatening anybody. So that's what started this whole nightmare for me. If you look at the case file, the first thing that happened is that when they questioned Ann Byer, there is no signed affidavit. There is no signed complaint by Ann Byer. So right there, the due process has been violated. Then it turns out that Ann Byer decided not to cooperate. So she backs out. That should have been the end of the matter. But then what happened was that the prosecutor, Rebecca Barry, decided that she was going to try to use someone else. She didn't want to let it go. So she performs a little bit of investigation, and she goes and starts questioning Angel Castro. Detective Bango calls Angel Castro. And of course, at the time, I had Angel Castro in court. I was trying to obtain a judgment. And also, I issued a complaint to the New York State Bar Association's grievance committee to have him disbarred. So he knew I was doing all of this. So obviously, he took the opportunity to not only rob me, but also make my life even more miserable. And so he started creating these lies. Oh, that I'm an unhappy client. But he didn't mention that he robbed me of $100,000. I'm sure that each one of you, if you were robbed of $100,000, you wouldn't be so happy. He also said that I was harassing him. He calls harassment me trying to get my money back, taking him to court. So I explained to the police. I told them, this guy robbed me of $100,000. But they didn't put that in the case file. So they produced a report and sent it to a judge. But the report was incomplete. It did not have Ann Byers' signed affidavit. It did not have the fact that I told them that Angel Castro robbed me of $100,000. The only thing that it had was that Angel Castro said that I was an unhappy former client and that I was harassing him. So the judge produces an arrest warrant. So I get arrested, first time in my life. A man in his mid-60s, never arrested in his life. They don't bother to say, what's going on here? A guy in his mid-60s, all of a sudden he's becoming a felon or whatever. No. Investigate. They didn't bother to ask me to show them the evidence that I had, documented evidence, that I had to prove everything that I was telling them was true. I wrote a complaint and Honorable Jeffrey Meyer was the judge who read my complaint and accepted it as it not being frivolous. Unfortunately and sadly, Judge Meyer passed away. And the case was handed to Judge Dooley, who turns around and says that I did not provide sufficient facts. Mr. Cruz, I'm just going to jump in here because your time is ticking away. I can tell you that we have read Judge Dooley's ruling, so you don't need to spend any time telling us what she said. I think if you want to take another minute, just tell us why you think she's wrong. Well, first of all, again, my accuser backed out. That should have been the end of the matter. However, the prosecution tried to use a non-witness, a rogue attorney who robbed me of $100,000 and also had 11 charges against him in your court, the Court of Appeals of the State of New York, and was eventually disbarred. So he got disbarred. I won the judgment against him. That was never taken into consideration. The charges were held over my head for two years. I requested a trial over and over again. They never put it on the court calendar. And I suffered damages because I lost a job. A man in his mid-60s was offered a job by a company, Perkin Elmer, a full-time job, a very good-paying job. And because they did a background check and they saw I got arrested for threatening, I lost a job. So I suffered damages. Not only that, but other health issues because of the stress. Judge Dooley did not take into consideration that due process was not properly done. Judge Dooley did not take into consideration that my accuser backed out, that that was a violation of my constitutional right to confront my accuser, and my constitutional right for due process. She never took any of that into consideration. So, Mr. Cruz, I'm going to just pause you right there. I've given you an extra minute up front. I'm still going to give you an extra minute if you'd like some time after the other side. One thing I do just want to mention, you said something about how you had contacted or something was pending in the New York Court of Appeals, same court here. Just so you know, this is a different court. Just so you know, we are a court of appeals. We happen to be in New York, but we're the U.S. Court of Appeals. Just so you know, the New York Court of Appeals is not the same as the U.S. Two different courts, similar names. Just so you know that, okay? Okay. So I'm assuming that the one I was referencing to was a state court of appeals. Yeah, yeah. Exactly. I just wanted to make sure you knew that. We're going to come back to you, though. Why don't we hear, let's see, I think it's Attorney Catherine Roseman for Attorney Roseman on? Good morning, Your Honor. You're here in person. Sorry, I was looking at the Zoom screen. Okay. And Attorney Roseman, how are you and Attorney Dempsek dividing up your five minutes? Your Honor, I'll take three minutes and counsel for the other defendant will take two minutes. Okay. Why don't you take your three minutes in here, live in front of us. Could you move the microphone closer? Thank you. Is this better, Your Honors? Good morning, Your Honors. My name is Katie Roseman, Assistant Attorney General, representing the Defendant Appellee, Rebecca Berry. May it please the Court. This case is a textbook example of absolute prosecutorial immunity. Attorney Berry is a state prosecutor. Specifically, she is a supervisory assistant state's attorney. And everything plaintiff alleges that she did wrong was intimately associated with the initiation of judicial proceedings. I'm having trouble understanding what she's saying. I don't know what it is. Yeah. If you wouldn't mind maybe just trying to raise your voice a little bit so that it can transmit over the microphone. Yes, Your Honor. A state prosecutor like Attorney Berry, who acts within her function and duties of a state prosecutor in initiating and pursuing criminal prosecution, is entitled to absolute immunity and is not subject to suit under Section 1983. Plaintiff makes three allegations. First, that Attorney Berry wrongfully assigned the arrest warrant application and did not ask Attorney Castro to corroborate his accusations. This is clearly protected under Imbler and Kalina in subsequent cases. Second, plaintiff alleges Attorney Berry did not order further investigation and continued to prosecute him. The pursuit of charges is a legal decision at the core of the prosecutorial function, and Attorney Berry is currently protected under this prosecutorial immunity pursuant to the Geraldo case. And third, Your Honors, plaintiff alleges Attorney Berry violated his Sixth and Fourteenth Amendment rights, which I do want to note is being argued for the first time on appeal. Plaintiff did not allege any of these accusations or allege any facts in his operative complaint that Attorney Berry violated any of his constitutional rights, and only claims that she rushed a judgment without sufficient evidence, which is clearly protected under prosecutorial immunity, delineated in Imbler and Kalina. Your Honors conclude that Attorney Berry is not protected by absolute prosecutorial immunity. These claims are also barred by qualified immunity. Plaintiff did not plead sufficient facts to show that Attorney Berry violated any of his constitutional rights. And even if this Court generously reads his operative complaint as alleging a malicious prosecution claim, he fails to show that there was a violation of his rights under the Fourth Amendment and also that he met the requirements of a malicious prosecution claim under Connecticut law, which I detail further in my brief. Based on decades of precedent from the U.S. Supreme Court and this Court, Attorney Berry is protected by absolute prosecutorial immunity, or in the alternative, she's also protected by qualified immunity. Unless there are any questions, Your Honors, we urge this Court to affirm the district court's dismissal in our motion to dismiss. Okay. We'll move on to Attorney Dembeczak, who I think is on Zoom. And let's just do a mic check. Can you hear us? I can. Can you hear me? Very good. And Mr. Dembeczak, so then you have the remaining two minutes for your side. Let's hear what you have to say. Thank you. Good morning, please, the Court. My name is Attorney Alan Dembeczak, and I'm representing the appellee Richard Bango. The only claim against my client in this case is a failure to investigate claim. The plaintiff's operative complaint, which is an amended complaint, alleges that my client did not perform proper investigative procedures, did not corroborate evidence, did not document certain evidence. We have filed a motion to dismiss under 12b6. As longstanding precedent in this circuit maintains that failure to investigate is not a stand-alone claim. So for those reasons, we ask that that claim be dismissed on its merits. And that is exactly how the District Court ruled on our motion to dismiss. Alternatively, to the extent this Court or the District Court interpreted the plaintiff's claims as a false arrest or malicious prosecution claim, it's our position that that claim fails as well as a matter of law for multiple reasons. First, and most glaringly, is my client was not personally involved in the application and execution of this arrest warrant. It is standard or black-letter law in this circuit that in order to have a 1983 claim, you must first prove personal involvement. My client was not personally involved in the warrant. However, even if this Court were to presume that my client was involved in the warrant, the application of the warrant, we believe the false arrest claim would also fail because the arrest was supported by probable cause or was signed by a District Court judge, which creates a presumption of probable cause, and the plaintiff is unable to overcome that presumption. For all of these reasons, we would ask that the Court confirm the District Court's decision dismissing the plaintiff's case against me. Okay. Very well. So, Mr. Cruz, you've heard what the other side has to say. Normally at this point, if there's anything they've said that you feel the need to respond to in some way or you think it would be helpful just to hear, we'll give you an extra minute now, okay? Okay. Immunity is voided once a constitutional right is violated. The right for me to confront my accuser was violated. My accuser was Ann Byer, not Angel Castro. When she backed out, that should have been the end of this matter. But they continued. Since they continued, they violated that constitutional right. So immunity is voided. It should be voided. Anybody who just walks into a court and makes a verbal allegation without any corroborative evidence is enough to ruin someone's life. That's how dictatorships operate, okay? This country is, you know, above a dictatorship, or at least it should be. Everything, all accusations need to have corroborative evidence, like what I got. I got documented evidence to everything that I stated. What do they have? Nothing. Ann Byer backed out. She didn't even sign an affidavit. I was not allowed to question her. I was not given a trial. Angel Castro is a liar and a They only needed to use three of those 11 to disbar him. And this is who they were using against me? With just a verbal accusation? This is a dictatorship then. I mean, Connecticut is not the Constitution State. They violated several of my constitutional rights. And Judge Meyer felt the same way. That's why he accepted my complaint. But Dooley, I mean, I don't know what's going on here. I mean, it's not allowed to confront my accuser, Ann Byer. And since my constitutional right was violated, immunity is void. Immunity is not, you know, perpetual. There are limits to immunity, okay? Because you have to have people in law enforcement to abide by certain rules and not have egregious behavior. Okay, thank you. So, Mr. Cruz, we understand your argument. Like every one of the cases today, as you saw at the end, we said we'd take it under advisement, which means now the judges will go back and consult about the case. And at some point in the future, all of these cases we heard today will have written rulings. So that's how you'll hear from the court about this. So we thank all of you, and Mr. Cruz in particular, we thank you for appearing by Zoom so that we could hear your arguments and consider them in this case. May I say just one more thing? The attorney representing Rebecca Barry said that I didn't make certain statements. Remember, I'm not an attorney. Yeah, we totally understand that, Mr. Cruz. And again, we appreciate that. We're done now. But we do appreciate the fact that even when someone doesn't have a lawyer, we give you an opportunity to argue in this court. And we thank you for coming and for doing that today.